# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:09-CR-065-HRH-JDR |
| Plaintiff, | |
| vs. | **ORDER** |
| | **REGARDING** |
| NARON CELESTINE, | **MOTION FOR** |
| | **BILL OF PARTICULARS** |
| Defendant. | |
| | (Docket No. 43, 52) |

Defendant **Naron Celestine** seeks a bill of particulars pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure. Docket 43. The motion is joined by co-defendant Steven Lamont Riley. Docket 52. The government submitted an opposition at Docket 67. Upon due consideration of the motion and record herein the motion for a bill of particulars is granted in part and denied in part as set forth below. Generally an indictment that sets forth the offense in the language of the statute is sufficient. United States v. Ely, 142 F.3d 1112, 1120 (9th Cir. 1997). An indictment is sufficient if it contains the elements of the charged crimes and adequate detail to inform the defendant of the charges and to enable him to plead

double jeopardy.  Hamling v. United States, 418 U.S. 87 (1974).  The purpose of a bill of particulars is to provide a defendant with sufficient information about the charges to fairly apprise him of the nature of the charge(s) so that he may prepare his defense and avoid prejudicial surprise at trial, and to enable him to plead his conviction or acquittal as a bar to a second prosecution for the same offense.  United States v. Ayers, 924 F.2d 1468 (9th Cir. 1991).

In Count 1 of the Indictment the defendants were charged with conspiring to possess with intent to distribute and to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § § 846 and 841(b)(1)(B).  Count 2 of the indictment charges Celestine and another co-defendant, Tillman Bradley III, with aiding and abetting one another to knowingly and intentionally distribute 500 grams or more of cocaine on October 29, 2005, in violation of 21 U.S.C. § § 841(a)(1)and (b)(1)(B).  A review of the indictment indicates that both counts sufficiently track the language of the particular statutes involved.  The indictment sets forth the dates and the location as  Anchorage, Alaska for the events alleged in the two counts.

Request 1, of the motion for bill of particulars seeks the names and addresses of other principles to the offenses.  The defendants are not entitled to a witness list in this non-capital case.  United States v. Steel, 759 F.2d 706, 709 (9th Cir. 1985).  A defendant may not use a motion for a bill of particulars to inquire into the means or manner by which the government intends to prove the particular crime.

<u>Ellis v. United States</u>, 321 F.2d 931, 932 (9th Cir. 1963); <u>United States v. Gray</u>, 464 F.2d 632, 635 (8th Cir. 1972). The government need not disclose by a bill of particulars the identity of any unindicted co-conspirators. <u>United States v. Dicesare</u>, 765 F.2d 890, 897-98 (9th Cir. 1985). Request 1 is denied.

Request 2 requests the government to describe the specific conduct and acts done by the defendant to violate each of the two counts. Request 3 seeks to learn whether the government contends that there were telephone calls, meetings or conferences or other means of communication between the co-principles to the alleged conspiracy. Request 4 seeks a description of the circumstances, time and location for which the defendant acted in violation of the drug laws as charged. To the extent that the government knows of a particular location at which any drugs were distributed or possessed with intent to distribute they should disclose that information to the defendant(s). The government need not provide the time and circumstances under which it contends the defendant(s) violated the drug laws charged. Requests 2, 3 and 4 are otherwise denied.

Requests 5 seeks exact language used by the defendant to indicate that he acted to aid, counsel, command, induce or procure or commit the offenses alleged in the indictment. This request is denied except to the extent the government has any relevant recorded statement by the defendant which is within the government's possession, custody or control and the prosecutor knows or

through due diligence could learn that the statement exists. The government should also produce any portion of a written record containing the substance of any relevant oral statement made by the defendant in response to interrogation by a person then known to the defendant to be a government agent. In all other respects defendant(s) request 5 is denied.

Request 8 seeks a detailed description of all devices allegedly used in furtherance of the alleged violations. The request for a description of such devices is denied. To the extent that the government has in its possession, custody or control a tangible object that is material to the preparation of the defense and the government intends to use the item in its case-in-chief at trial or such item was obtained from or belongs to the defendant then the defendant is entitled to discovery and inspection of that items pursuant to Federal Criminal Rule 16(a)(1)(E).

Request 9 seeking the criminal record of the defendant(s) is granted. *See* Rule 16(a)(1)(D) of the Federal Rules of Criminal Procedure.

Request 6 seeks the identity of any co-principles to the alleged offenses who have not been named in the indictment. Request 7 asks the government to disclose whether it contends that Celestine actually committed any overt act in furtherance of the alleged conspiracy. Request 10 seeks a listing of all overt acts committed by the defendant to engage in the alleged illegal narcotic trafficking. Request 11 seeks disclosure of any additional overt acts which could have been but

were not included under Count 1 of the indictment.  Request 12 seeks disclosure of any overt act the government contends was committed by the defendant affecting commerce by extortion or payment of a drug debt in relation to the allegations of drug distribution in Count 2.  Request 13 seeks any additional overt acts which could have been included under Count 2 in which the government intends to present testimony about at trial.

An indictment need not allege the government's theory of the case or provide details as to the evidence the government intends to present at trial.  United States v. Mustachio, 968 F.2d 782, 787 (9th Cir. 1991); United States v. Cochrane, 985 F.2d 1027, 1031 (9th Cir. 1993).  A motion for bill of particulars is not intended to allow defendant to inquire into the means or manner by which he allegedly committed a specific criminal act.  United States v. Gray, 464 F.2d 632, 635 (8th Cir. 1972); Ellis v. United States, 321 F.2d 931, 932 (9th Cir. 1963).  It is improper to use a bill of particulars to seek disclosure of the identity of an unindicted co-conspirator. United States v. Dicesare, 765 F.2d 890, 897-98 (9th Cir. 1985).  Under 21 U.S.C. § 846 the government need not set forth alleged overt acts as part of the conspiracy. Requests 6, 7, 10, 11, 12 and 13 are denied.

Request 14 seeks disclosure by the government as to whether it intends to present evidence of wiretaps or electronic surveillance at trial.  This request is

interpreted as seeking notice from the government of intent to use certain types of evidence.  The motion is granted accordingly.

## Summary

Wherefore, the motion for bill of particulars is denied except as to Requests 9 and 14, and as to requests 5 and 8 in part as noted in this order.

DATED this 2nd day of February, 2010, at Anchorage, Alaska.

 /s/ John D. Roberts                           
JOHN D. ROBERTS
United States Magistrate Judge