UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    Plaintiff,<br> vs.<br><br>NARON CELESTINE,<br>TILLMAN BRADLEY, III, and<br>STEVEN LAMONT RILEY,<br><br>    Defendants. | 3:09-CR-065-JWS-JDR<br><br>**ORDER**<br>**REGARDING**<br>**MOTION TO REVEAL IDENTITY**<br>**OF INFORMANT and RELIEF**<br>**FROM PROTECTIVE ORDER**<br><br>(Docket Nos. 42, 51) |

Defendant **Naron Celestine** moves pursuant to Federal Criminal Rule 12(b)(1) and Rule 16 for an order directing the government to disclose the identity of informants and provide relief from the Protective Order issued at Docket 15. Docket 42. Co-defendant filed Steven Riley has filed a joinder to the motion at Docket 51. The government filed a response at Docket 71. Upon due consideration, the Motion is granted in part and denied part as set forth below.

Defendants seek the identity of four confidential informants mentioned in the search warrant affidavit and the identity of an informant who purchased cocaine during the investigation. In its response the government agrees to voluntarily disclose three days prior to trial the identity of the confidential informants (sic) who it intends to call as witnesses at the trial, "along with corresponding Brady/Giglio material." The United States has agreed not to oppose the lifting of the protective order at the same time.

**Applicable Law**

While the Due Process Clause does not necessarily require identification of an undercover informer, a general standard for disclosure of an informant's identity is set forth in Roviaro v. United States, 353 U.S. 53 (1957), which states:

> Where the disclosure of an informant's identity or the contents of his communications is relevant and helpful to the defense of an accused, or is essential to the fair determination of a cause, the privilege must be waived. In these situations, the trial court may require disclosure and, if the government withholds the information, dismiss the action.

*Id.* at 60-61.  See also <u>Weatherford v. Bursey</u>, 429 U.S. 545 (1977).  Four considerations are relevant with respect to disclosure.  These are: (1) the crime charged, (2) the possible defense, (3) the possible significance of the informant's testimony, and (4) the other relevant factors.

The Ninth Circuit Court of Appeals recognizes that a "percipient witness" must be disclosed.  <u>United States v. Cervantes</u>, 542 F.2d 773, 775 (9th Cir. 1976).  Disclosure is likewise mandated when an informant participated in events that were critical to the prosecution's case.  <u>United States v. Hernandez</u>, 608 F.2d 741, 744-45 (9th Cir. 1979).  Where an informant's testimony is essential to a fair determination, the government may be required to disclose his identity and address.  <u>Roviaro</u>, at 59.  <u>United States v. Roberts</u>, 388 F.2d 646 (2nd Cir. 1968); see also <u>United States v. Anderson</u>, 509 F.2d 724 (9th Cir. 1975).

The informant's participation in the crime charged is a significant factor in determining whether the identity of the confidential informant should be disclosed.  In <u>Roviaro</u>, disclosure was required because the informant was an essential participant in the offenses by actually purchasing narcotics.  <u>Roviaro</u>, 353 U.S. 61-62.  Therefore, in the instant case the identity of the informant identified as a person who purchased cocaine during the investigation must be disclosed to the defendants.

The government claims there is no fixed rule requiring when informants must be disclosed. In answering this question the court considers the particular circumstances of the case including the crimes charged, the possible defenses and the significance of the informant's testimony as well as any other relevant factors. *See* Roviaro at 353 U.S. at 62. The court also considers the degree of the informant's involvement in the criminal activity, the relationship between the defendant's asserted defense and the likely testimony of the informant, and the government's interest in non disclosure. *See* Generally United States v. Gonzalo Beltran, 915 F.2d 487, 488-89 (9th Cir. 1990).

Celestine argues that the only witness who can attempt to tie him to the drugs is the confidential informant. It is likely that such informant could be a key witness for the government at trial. Trial by jury in this case is presently set for February 16, 2010.

The government cites United States v. Foster, 815 F.2d 1200, 1202 (8th Cir. 1987). In Foster the appellate court held that under the facts of that case the trial court had not erred by not requiring the disclosure of the informant's identity prior to trial. Foster appealed his conviction and the court found that he had not been harmed by the non disclosure of the informant's identity prior to trial. *Id.* at 1203. The case is not helpful in deciding when the government should disclose the identity of the informant who was a percipient witness.

I conclude that Celestine has shown a need for knowing the identity of this informant to prepare his defense. I reject the government's argument that because Celestine has denied that it is his voice on the recorded telephone conversation and that the informant might not even be acquainted with Celestine, Celestine has not established that he needs to know the identify of this particular informant.[1] In preparation for trial Celestine's attorney needs to anticipate rebutting or discrediting the government's witnesses who testify against him. Under the facts of this case the government should disclose the identify of this informant no later than the close of business February 9, 2010. This will allow the defense three business days prior to trial since February 15 is a holiday.

### Informants to Search Warrant Application

Defendants Celestine and Riley seek discovery of other confidential sources who provided information which formed the basis of the search warrant application in the instant case. The government enjoys the privilege to withhold the identity of persons who furnish information to officers charged with the enforcement of criminal laws in some circumstances. Here, the source of the information which caused the officer to seek a search warrant is unimportant to a defendant's his defense at trial. The legality of the officer's actions has already been tested in the defendant's motion to suppress which has been denied. At trial witnesses will testify

---

[1] Government's Opposition, Docket 71, p.10.

to what they saw and heard and what took place in their presence, not what somebody else may have told them during the investigation.

In his motion Celestine acknowledges he knows nothing about the four informants or the "quality" of their backgrounds, information or criminal history." Docket 42, p.5. He seeks the identities of these four confidential informants so that he can investigate their backgrounds for possible reasons for bias. To the extent that any or all of these four confidential informants will not be government witnesses at trial then the defendant has made an insufficient showing of need for disclosure of their identities. This determination, of course, does not override the duty of the government to disclose exculpatory information pursuant to <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and its progeny. <u>Brady</u> still applies to these informants and potential witnesses.

The government has agreed to disclose three days before trial the identity of the confidential informant<u>s</u> who it intends to call as witness<u>es</u> (sic) at the trial. The pleadings do not disclose whether any of these four informants have additional evidence to provide beyond that mentioned in the search warrant affidavit. Since the government agrees to disclose three days prior to trial the identity of any informant who the government intends to call as a witness at trial the court construes the three days prior to trial to exclude weekends and holidays and orders such disclosure by the close of business February 9, 2010. This will provide the

defendants with three business days to use this information in preparation of their defense. The disclosure of such witness's statements will continue to be governed by the Jencks Act, 18 U.S.C. § 3500(a).

As to any of the four confidential informants who are not prospective government witnesses and do not have evidence to disclose known to the government to be exculpatory, I determine that the defendants have not met their burden of showing the necessity for disclosure of their identity(s) prior to trial. A mere request for disclosure of an informant's identity or mere suspicion that the informant may be helpful to the defense is insufficient to overcome the public's interest in protecting the informant's identity. *See* United States v. Marshall, 526 F.2d 1349, 1359 (9th Cir. 1975). *See* also United States v. Rinn, 586 F.2d 113, 119 (9th Cir. 1978) (Disclosure of information that reflects on credibility of witnesses is not related to the preparation of a defense and thus not required for pretrial disclosure). "It is well settled that a trial court need not require agents to disclose the identity of a reliable informant where the sole ground for seeking that information is to establish the existence of probable cause for arrest." United States v. Mehciz, 437 F.2d 145, 149 (9th Cir.), cert denied 402 U.S. 974 (1971); United States v. Fixen, 780 F.2d 1434, 1439 (9th Cir. 1986).

//

//

## Protective Order

Defendants request this court to order that the protective order entered at Docket 16 be lifted. The United States offers a partial opposition, the government agrees not to oppose the request to lift the protective order three days before trial.

The defendants seek relief from the protective order to allow the defense team to play the audio tape to defendants' potential witnesses so they can be prepared to contradict the government's claim that Celestine's voice is not on the tape. The protective order serves to limit or prevent undue influence brought against government witnesses or sources. The defendants' request for early disclosure of the audio tape under seal is hereby denied with the following exception: Should the government have exculpatory information indicating that an informant or other person has exculpatory information regarding whether the recorded conversations include the voice of Celestine then such information should be provided to the defense forthwith. Otherwise, the request to lift the seal of the protective order prior to the time agreed upon by the government is hereby denied.

DATED this 4th day of February, 2010, at Anchorage, Alaska.

    /s/ John D. Roberts
JOHN D. ROBERTS
United States Magistrate Judge